IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHAFFLOSE CORPORATION, et al. ) | CASE NO. 4:10CV2303 |
| ) | |
| Plaintiffs, ) | |
| ) | JUDGE JOHN R. ADAMS . |
| v. ) | |
| ) | |
| AZUZA COMPANY, et al. ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| Defendants. ) | |

This *pro se* action was filed by Plaintiff Kosi Sasaya, the President of Plaintiff Chafflose Corporation, a Japanese Corporation. He includes Sasaya America, Inc and himself as Plaintiffs.[1] He asserts that this is a diversity action and has included claims for negligent misrepresentation, intentional misrepresentation, fraud, professional negligence, forgery, R.I.C.O. and civil conspiracy against Defendants Azuza Company, Arthur Anderson, L.L.P., Yusuke Kuramochi and ten John Does.

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)*(citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "*Pro*

---

[1] There is no indication of Kosi Sasaya's relationship with Sasaya America, Inc.

*se* plaintiffs are not automatically entitled to take every case to trial." *Price v. Caruso*, 451 F.Supp.2d 889, 893 (E. D. Mich. 2006)(quoting *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir.1996)). For the reasons stated below, this action is dismissed.

28 U.S.C. § 1654 allows an individual to proceed *pro se* in a federal case. However, it does not permit an individual to represent a corporation. *U.S. S.E.C. v. Merklinger,* 2010 WL 2232224 * 1 (E.D.Mich., May 27, 2010) (citing *Doherty v. American Motors Corp.,* 728 F.2d 334, 340 (6th Cir.1984)). *See Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir.1970) (a corporation must appear by counsel or not at all). The rule applies to owners or officers of corporations, prohibiting them from appearing on behalf of the corporation. *Id.* at * 2; *Harris v. Akron Dept. of Public Health,* 10 Fed. App'x 316, 319 (6th Cir.2001). Thus, Plaintiff Kosi Sasaya cannot file this action on behalf of the Chafflose Corporation and Sasaya America, Inc.

Further, a corporation is a distinct legal entity, separate and apart from the natural individuals who formed it and own it. *Charvat v. Farmers Ins. Columbus, Inc*., 178 Ohio App.3d 118, 133, 897 N.E.2d 167, 178 (Ohio App. 10 Dist.,2008); *Janos v. Murduck*, 109 Ohio App.3d 583, 587 (Ohio App. 9th Dist. 1996). Because a corporation is a separate entity from its directors and officers, causes of action belonging to the corporation may not be litigated by the officers for their own benefit.

*Fornshell v. Roetzel & Andress*, L.P.A., 2009 WL 1629715 * 8 (Ohio App. 8th Dist. 2009); *Maloof v. Benesch, Friedlander, Coplan & Aronoff*, 2004 WL 2676739 * 5 (Ohio App. 8 Dist. Nov. 24, 2004)).

Accordingly, this action is dismissed without prejudice.

IT IS SO ORDERED


Date: October 20, 2010                                             **S/John R. Adams**
                                                                                     JUDGE JOHN R. ADAMS
                                                                                      UNITED STATES DISTRICT JUDGE